**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **JOSH HOPKINS AND KRISTY HOPKINS** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:18-cv-00315-KOB** |
| | ) | |
| **NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Before the court is Plaintiffs Josh and Kristy Hopkins' motion to remand this case to the

Circuit Court of Marshall County, Alabama. (Doc. 4). On January 26, 2017, the Hopkinses sued

Nationwide Agribusiness Insurance Company; Randy Jones & Associates, Inc.; Total Radio

Service, Inc.; and the Hartford Steam Boiler Inspection & Insurance Company for state law

claims arising out of an unpaid insurance claim on the Hopkinses' poultry houses. (Doc. 1-1). On

February 28, 2018, Defendants Nationwide and Hartford removed the case to this court, arguing

the Hopkinses engaged in bad faith to prevent the removal before that time. (Doc. 1).

As explained below, the court finds that because this case was removed more than one

year after Plaintiffs filed it in state court, and the Defendants have not shown that the Hopkinses

wrongfully prevented the Defendants from removing the case to federal court, the motion to

remand is due to be GRANTED. But the court also finds the Defendants did not lack an

objectively reasonable basis for removing the action, so the Hopkinses' request for costs

pursuant to 28 U.S.C. § 1447(c) will be DENIED.

# I.  BACKGROUND

Plaintiffs Josh and Kristy Hopkins are poultry farmers who live and work in Alabama. (Doc. 4-2 at 2). In the spring of 2015, the Hopkinses purchased from Defendant Randy Jones & Associates an insurance policy to protect their poultry houses. (*Id.* at 9). The Hopkinses allege Jones & Associates served as a "front line underwriter" for Defendants Nationwide and Hartford. The policy that the Hopkinses purchased was issued by Nationwide, Hartford, or both, and covered the Hopkinses' four poultry houses from April 24, 2015, to April 24, 2016.

In the summer of 2015, Defendant Total Radio Service performed electrical servicing work on three of the Hopkinses' poultry houses. (*Id.* at 2). The houses contain electrical equipment that monitors the temperature of the houses and sounds an alarm when the temperature rises to a level that is harmful to the chickens within them. (*Id.* at 3).

In early September 2015, the Hopkinses experienced electrical problems with the controllers that regulate the houses' temperature and pressure control. (*Id.* at 3). The temperature within the houses rose to levels that the chickens could not endure, and because the sensors and alarms did not properly detect the temperature or alert the Hopkinses of the dangerous condition, approximately 20,000 chickens perished. The Hopkinses filed a claim on their policy with Nationwide and Hartford, which was denied.

The Hopkinses then sued Nationwide, Hartford, Jones & Associates, and Total Radio on June 30, 2016. (Doc. 4-1). Their amended complaint contains claims against the two insurers for breach of contract, bad faith, fraud, and conspiracy to fraudulently suppress information regarding their deductibles and benefits. Their claims against Jones & Associates allege that the company conspired with the insurance companies and negligently performed its duties in the underwriting inspection and in the procurement process. The Hopkinses also assert that

Nationwide is vicariously liable for Jones & Associates' negligence. Finally, the Hopkinses sued Total Radio for negligently performing its work on the poultry houses' alarm equipment.

## II.     PROCEDURAL HISTORY

The Hopkinses filed their initial Complaint on June 30, 2016, and their Amended Complaint on January 26, 2017, in the Circuit Court of Marshall County, Alabama. Both contained counts against diverse Defendants Nationwide and Hartford, and non-diverse, Alabama corporate Defendants Jones & Associates and Total Radio. All four Defendants filed a joint motion to transfer the case from Marshall County, Alabama to Morgan County, Alabama on January 11, 2017, which the state court ultimately denied. (Doc. 1-5 at 42).

During the state court litigation, the Hopkinses served Jones & Associates with three requests for production and a request for admission concerning the residency of one of its employees, but never noticed or deposed anyone from the company. (Doc. 1 at 13). However, the request for production did include a request for the company's entire file related to the Hopkinses, and a request for the company's underwriting guidelines.  (Doc. 8 at 11).

The Hopkinses' discovery requests to Total Radio in August 2016 were limited to two requests for production. (Docs. 8 at 11; 1 at 12). Those requests sought all of Total Radio's records related to the Hopkinses' farm and its insurance policy. The Hopkinses never noticed or deposed Total Radio's two experts.

On December 4, 2017, the Hopkinses voluntarily dismissed Total Radio. (Doc. 1-14 at 83). Approximately two months later, on February 14, 2018, the Hopkinses voluntarily dismissed all their claims against Jones & Associates. (Doc. 1-14 at 121). After these dismissals, only the Hopkinses' claims against the diverse insurance companies remained, which gave rise to Nationwide and Hartford's removal of the case on February 28, 2018.

## III.    LEGAL STANDARD

The party seeking removal must present facts establishing its right to remove and has the burden of proving that federal jurisdiction exists by a preponderance of the evidence. *See, e.g., Friedman v. N.Y. Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir. 2005). When the defendant fails to do so, the case must be remanded. *Williams v. Best Buy Co.,* 269 F.3d 1316, 1321 (11th Cir. 2001).

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove an action that was not initially removable if the action later becomes removable. That statute provides that a defendant seeking to remove a case that was not initially removable must file a notice of removal within 30 days of when he first ascertains that the action is removable. *Id.* As the statute indicates, a defendant may be put on notice of removal by a pleading, motion, order or "other paper." *Id.* To provide notice of removability, the "other paper" "must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007) (citing *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002)).

But, a defendant seeking to remove an action based on diversity jurisdiction pursuant to § 1446(b)(3) must satisfy a second time requirement: the defendant must file his notice of removal no "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

Thus, for removal to be proper in the present case, the Defendants must have removed the action within thirty days of receiving notice that the case was removable, *and* within one year of the date the Hopkinses filed their suit. But, the will not enforce the one-year time limit *if* the Defendants show that the Hopkinses acted in bad faith to prevent removal. 28 U.S.C. § 1446(c).

## IV.    ANALYSIS

Nationwide and Hartford removed this case alleging that complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332. But, "[a] case may not be removed . . . on the basis of jurisdiction conferred by Section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C.A. § 1446(c). The Hopkinses filed their initial complaint in state court on June 30, 2016, and the Defendants did not remove the action until February 28, 2018—one year, seven months, and 30 days after the case was filed.

Faced with the burden of demonstrating that federal jurisdiction exists, *see Friedman*, 410 F.3d at 1353 (11th Cir. 2005), Nationwide and Hartford hang their hats on § 1446(c)'s "bad faith" exception to the one-year time limit for removing actions on the basis of diversity. To support their assertion that the Hopkinses engaged in bad faith to prevent the Defendants from removing the case, Nationwide and Hartford assert that the Hopkinses failed to actively litigate their claims against the local Defendants. They argue that this failure to litigate constitutes "bad faith" and, therefore, removal is permitted.

Nationwide and Hartford claim the Hopkinses only engaged in "token discovery" against the local Defendants Jones & Associates and Total Radio, and then dismissed them after the case was set for trial by the Marshall County, Alabama Circuit Court. They rely on three factors to show the Hopkinses did not actively litigate against the non-diverse defendants. First, the

Hopkinses only proffered two discovery requests to Total Radio and three requests for production and one request for admission to Jones & Associates. Second, they did not depose any representative from either of the local corporations or their disclosed experts. Third, the Hopkinses dismissed Total Radio "without compensation or any legitimate reason," and Jones & Associates "for no apparent reason." (Doc. 1 at 13).

Unable to cite any Eleventh Circuit law on this issue, the Defendants rely on, and ask this court to adopt, the reasoning found in *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014). There, the district court adopted the "actively litigated" test for determining whether a plaintiff has engaged in bad-faith to prevent removal. The district court reasoned that if a plaintiff fails to "actively litigate" against the "removal spoiler" in state court, then that behavior will be deemed "bad faith." *Id.* at 1262. It explained that a plaintiff "actively litigates" by "asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera." *Id.*

In the recent case of *McAdam Properties, LLC v. Dunkin' Donuts Franchising, LLC*, 290 F. Supp. 1279, 1285, 1291 (N.D. Ala. 2018), Judge Hopkins surveyed the history of the bad faith exception, and noted a lack of "solid footing" in cases decided since Congress added Section 1446(c) to the removal statute in 2011. However, she went on to state,

> [b]ased on Congress's use of the phrase "bad faith," and the history of the exception prior to its enactment as part of section 1446, and in particular the application of the exception when "manipulation" had occurred, the court concludes that statutory bad faith requires some sort of <u>intentional misconduct</u> by the plaintiff, not just fraudulent joinder. All of the common law equitable tolling cases cited [within this opinion] have that in common. *See also, A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 211 (3d Cir. 2014) (noting that "[c]ases involving equitable tolling of the one-year time limit often focus on intentional misconduct by the plaintiff"); *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997) (Propst., J.) ("[T]he plaintiff's claims are in bad faith if, by [his] actions, [he] attempted to disguise the existence of the removability of the case until the one-year limitation had run.").

*Id.* at 1291 (emphasis in original).

Although not bound by Judge Hopkins' decision, the court agrees with her reasoning that the "bad faith" exception requires a showing that the plaintiff intentionally engaged in misconduct to prevent removal before the one-year time limit expired. So, the court declines Nationwide and Hartford's offer to adopt *Aguayo*'s "actively litigated" test.

This court also finds other courts' rationales for rejecting the *Aguayo* test persuasive. For example, in *Dutchmaid Logistics, Inc. v. Navistar, Inc.*, the court noted the *Aguayo* test's potential "to deter plaintiffs from dismissing defendants they realize are not necessary, as well as force plaintiffs to request meaningless discovery," all to avoid triggering the "bad faith" exception. No. 2:16-CV-857, 2017 WL 1324610, at *3 (S.D. Ohio Apr. 11, 2017), *report and recommendation adopted*, No. 2:16-CV-857, 2017 WL 3085863 (S.D. Ohio July 18, 2017)).

Because this court rejects the *Aguayo* test for bad faith, it is not persuaded that Nationwide and Hartford have met their burden to establish that the Hopkinses acted in bad faith to prevent their case from being removed to federal court. As the Hopkinses argue, their claims against Jones & Associates and Total Radio were clearly intertwined with their claims against their insurers, Nationwide and Hartford. And while the Hopkinses engaged in what Nationwide and Hartford may consider "token" discovery against the two non-diverse defendants, they are "entitled to choose how they wish to litigate" their claims. *Dutchmaid Logistics*, at *4. Further, at least one court that did employ the *Aguayo* test still recognized that "even 'bare minimum' discovery attempts have been considered to not amount to bad faith." *Heacock v. Rolling Frito-Lay sales, LP*, No. C16-0829-JCC, 2016 4009849, at *3 (W.D. Wash. July 27, 2016). Here, Plaintiffs sought and received the files of both Jones & Associates and Total Radio, and also had the benefit of their experts' reports before dismissing them from the case.

Nationwide and Hartford presented no evidence that the Hopkinses engaged in intentional misconduct to prevent them from removing this case. Light discovery and voluntary dismissal of claims approximately a year and one-half after filing suit are not enough. This court will not presume that a plaintiff that has engaged in small amounts of discovery against a defendant has done so out of an intentional, mischievous effort to thwart another defendant's ability to remove the case to federal court. Nor will it assume a plaintiff's decision to voluntarily dismiss a non-diverse defendant more than a year after filing suit to be prima facie evidence of bad faith. Doing so would be contrary to the presumption against the exercise of federal jurisdiction, *see Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001); contrary to the policy that "all uncertainties as to removal jurisdiction are to be resolved in favor of remand," *see Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013); and contrary to the very purpose of § 1447(c), which is to prevent disruptive removal of cases after substantial progress in the state court has been made, *see McAdam Properties, LLC*, 290 F. Supp. at 1290; *Rauch v. Rauch*, 446 F. Supp. 2d 432, 435–36 (D.S.C. 2006); *Price v. Messer*, 872 F. Supp. 317, 320 (S.D.W.Va. 1995).

Therefore, the court finds that Nationwide and Hartford have not met their burden to establish that the Hopkinses acted in bad faith to prevent the removal of their case to federal court. The Hopkinses' motion to remand is due to be GRANTED.

### *Plaintiffs' Request for Costs and Fees Pursuant to 28 U.S.C. § 1447(c)*

The Hopkinses request the court to require Nationwide and Hartford to pay the costs and expenses they have incurred as a result of removal pursuant to 28 U.S.C. §1447(c). The Supreme Court has established that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an

objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Eleventh Circuit has further explained that, "the reasonableness standard was ultimately the result of balancing the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Bauknight v. Monroe Cty*, 446 F.3d 1327, 1329 (11th Cir. 2006).

Nationwide and Hartford argue their removal of this case more than one year after its commencement is justified because the Hopkinses wrongfully prevented the removal by retaining the non-diverse defendants in bad faith. They attempted to support this argument by relying on *Aguayo v. AMCO Insurance Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014), which provides that a plaintiff's failure to "actively litigate" her case against a removal-spoiling defendant in state court demonstrates bad faith. Nationwide and Hartford recognize that the Eleventh Circuit has not adopted the *Aguayo* test for bad faith, but also recognize that neither the Circuit nor this court has rejected the test or established any alternative in its place. And while Judge Hopkins recently required a showing of intentional misconduct to establish bad faith in *McAdam Properties, LLC v. Dunkin' Donuts Franchising, LLC*, 290 F. Supp. 1279, 1285, 1291 (N.D. Ala. 2018), that decision does not bind this court.

Further, the Defendants provided examples of at least one other district court in this Circuit that has adopted the *Aguayo* analysis. *See Kamal-Hashmat v. Loews Miami Beach Hotel Operating Co., Inc.*, No. 16-CV-24864, 2017 WL 433209, at *4 (S.D. Fla. Jan. 27, 2017) ("The Eleventh Circuit has not yet defined 'bad faith' in this context. In the absence of guidance from that court, this Court adopts the well-reasoned two-stage analysis.").

Although the court disagrees with the Defendants' assertion that the Hopkinses' discovery efforts against the removal-spoilers were merely "token" discovery, the court also recognizes the lack of Eleventh Circuit case law on the subject. Therefore, the court does not find that Nationwide and Hartford lacked an objectively reasonable basis for removing this case, and will DENY the Hopkinses' request for attorneys fees pursuant to § 1447(c).

## V. CONCLUSION

The court finds that Nationwide and Hartford have not shown that the Hopkinses acted in bad faith to prevent the removal of this action before the one-year time limit expired. Therefore, the court will **REMAND** this case to the Circuit Court of Marshall County, Alabama. Also, the court does not find that Nationwide and Hartford lacked an objectively reasonable basis for removing the case, so the court will **DENY** the Hopkinses' request for attorneys fees pursuant to 28 U.S.C. § 1447(c). The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** this 16th day of July, 2018.

_Karon O. Bowdre_

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE